# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

BORIS TARLO
MARGARITA GOLKOVA,

  Debtors.
_____/

CASE NO. 17-24199-CLC
CHAPTER 7

MICHAEL BEREZOVSKY,

  Plaintiff,

v.

BORIS TARLO,
MARGARITA GOLKOVA,

  Defendants.
_____/

ADV. NO. 18-01027-CLC

## NOTICE OF APPEAL

Defendants, BORIS TARLO and MARGARITA GOLKOVA, appeal to the District Court of the Southern District of Florida from the following:

**ORDER GRANTING IN-PART, MOTION TO APPROVE/ENFORCE SETTLEMENT AGREEMENT (ECF 141)**

The parties to the Order appealed from and the names of their respective attorneys are as follows:

| | |
|---|---|
| MICHAEL BEREZOVSKY | BORIS TARLO<br>MARGARITA GOLKOVA |
| JAMES B. MILLER, ESQ.<br>Attorney for Michael Berezovsky<br>19 West Flagler St. Suite 416<br>Miami, FL 33130 | JORDAN L. RAPPAPORT, ESQ.<br>Attorney for Defendants<br>Rappaport Osborne & Rappaport, PLLC<br>1300 N. Federal Highway, Suite 203<br>Boca Raton, FL 33432 |
| LAWRENCE SHAPIRO, ESQ.<br>14 NE 1st Ave | |

One Flagler Building
Suite 1109
Miami, Florida 33132

    I HEREBY CERTIFY that a true copy of the foregoing has been furnished by regular mail or electronically where available to the parties enumerated on the attached this the 1st day of August, 2024.

    I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this court set forth in Local Rule 2091-1(A).

    RAPPAPORT OSBORNE & RAPPAPORT, PLLC
    Attorneys for Defendants
    Suite 203, Squires Building
    1300 North Federal Highway
    Boca Raton, Florida 33432
    Telephone: (561) 368-2200

    BY: ___/s/_____
       JORDAN L. RAPPAPORT, ESQ.
       Florida Bar No. 108022

SERVICE LIST:

Jacqueline Calderin
Agentis, PLLC
55 Alhambra Plaza
Suite 800
Miami, Florida 33131
jc@agentislaw.com

Lawrence Shapiro
14 NE 1st Ave
One Flagler Building
Suite 1109
Miami, Florida 33132
lshapiro@ljsfirm.com

James B. Miller
19 West Flagler St., Suite 416
Miami, FL 33130
bkcmiami@gmail.com
ibm@title11law.com



**ORDERED in the Southern District of Florida on July 23, 2024.**

*Corali Lopez-Castro*

**Corali Lopez-Castro, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re: | Case No. 17-24199-CLC |
| BORIS TARLO AND MARGARITA GOLKOVA, | Chapter 7 |
|    Debtors. _____/ | |
| MICHAEL BEREZOVSKY, | |
|    Plaintiff, | Adv. Proc. No. 18-01207-CLC |
| -vs- | |
| BORIS TARLO AND MARGARITA GOLKOVA, | |
|    Defendants. _____/ | |

## ORDER GRANTING, IN-PART, <u>MOTION TO APPROVE/ENFORCE SETTLEMENT AGREEMENT</u>

This matter came before the Court on July 18, 2024, at 10:00 a.m. on the Motion to Approve Settlement/Motion to Enforce Settlement [ECF No. 134] (the

"Motion") filed by creditor Michael Berezovsky (the "Creditor"). The Debtors filed a Response and Objection to the Motion (the "Response") [ECF No. 139]. Having reviewed the Motion and Exhibit 1 thereto, the Response, and considered the arguments of counsel for the Debtors and Creditor, and for the reasons that follow, the Court grants the Motion as it pertains to the approval of the Settlement Agreement (as defined below). The Court will determine the issues related to the enforcement of the Settlement Agreement at a further hearing.

## Background

Fourteen years ago, on January 22, 2009, Creditor filed a lawsuit in Miami-Dade County circuit court (Case No. 09-04953-CA 23) (the "State Court Action") seeking relief against Debtors for several claims including conversion, fraudulent misrepresentations, tortious interference, fraud in the inducement and fraud in the performance, negligence, breach of contract and unjust enrichment. The State Court Action relates to the assignment of a contract for the purchase of a condominium in Sunny Isles Beach, Florida. The Debtors and Creditor had been entangled in the litigation for over eight years and the State Court Action had been set for trial on the merits when the Debtors filed their chapter 7 petition on November 28, 2017. The Creditor then filed this Adversary Proceeding seeking a determination that the debts owed to it that were at the heart of the State Court Action were non-dischargeable. The Creditor filed a Motion for Relief from Automatic Stay in the main case [ECF No. 25] (the "Stay Relief Motion") to resume the State Court Action. The Court overruled the Debtors' objection to the Stay Relief Motion and granted it [ECF No. 59] (the "Stay

Relief Order"). In the Stay Relief Order, the Court stated that the Creditor was authorized to proceed with the State Court Action in all respects, but that the Creditor could not execute on any judgment obtained against the Debtors without further order of this Court.

### The Settlement Agreement Announced in State Court[1]

On May 10, 2022, the Creditor and Debtors reached a settlement (the "Settlement Agreement") in the State Court Action and announced it in open court (the "Settlement Hearing"). At the Settlement Hearing, the Creditor and Debtors were each sworn in as witnesses. At the onset, the Creditor's state court counsel stated that TRG Desert Inn Venture, LTD. ("TRG"), had settled the claim and defenses with the Creditor "quite some time ago" and as such the Creditor and Debtors were the only parties to the matter at issue. The Creditor's state court counsel said, "I am happy that all of you were able to resolve *all* of the issues in the case." (emphasis added). He then read each essential term of the Settlement Agreement and polled the Debtors, the Creditor, and Debtors' counsel before continuing onto the next term and repeating the process. Some of the essential terms read into open court required the payment of money within a certain number of days from the date of the Settlement Hearing. For example, one term provides that "[t]he Defendants jointly and severally agree to pay the sum total of $260,000.00 in full and final settlement of all claims brought by the Plaintiff provided such payment in full is made within 120 days of **today's date**." (emphasis added). The initial payment of $10,000.00 was to be made within three days

---

[1] All references in this section are to the transcript from the Settlement Hearing, provided to the Court as Exhibit 1 of the Motion.

3

from the date of the Settlement Hearing, but the parties agreed to change such terms to be within three days of execution specifically. However, the parties did not change the terms that had longer payment requirement deadlines, like the one requiring payment within 120 days of the date of the Settlement Hearing.

In the presence of Judge Barbara Areces, who was presiding over the State Court Action, and after going through all the essential terms, the Creditor's counsel addressed the Debtors and the Creditor separately, stating "you have heard me read all of the essential terms and conditions, including those minor adjustments requested by your counsel. And we have went over each and every one of those essential terms and conditions and the presence of the court reporter, represented by letters A through R. I want to make certain, in similar fashion, that you agree to all of those essential terms and conditions. That you understand those essential terms and conditions and that you do not have any issues with respect to agreeing to those essential terms and conditions." Both Debtors and the Creditor affirmed. If there was a textbook example as to the best way to confirm the terms of a settlement, this was it.

The Settlement Agreement that was announced in open court was not reduced to writing for various reasons. Thereafter, the litigation in this Adversary Proceeding continued. The Creditor retained new bankruptcy counsel to represent him, and his new counsel recently filed the Motion, which should have been filed some time ago, to end the saga once and for all.

The Debtors' Response to the Motion asserts that neither the Creditor nor Debtors were willing to sign off on the Settlement Agreement, that the Creditor and

4

Debtors were unable to agree on various terms, and that the Creditor should be estopped from bringing the Motion as more than two years have passed since the Settlement Hearing. At the hearing the Debtors also argued that the Creditor's receipt of funds from TRG as part of a settlement should also persuade the Court to deny the Motion even though that fact was known at the time of the Settlement Agreement. The Debtors' arguments are not persuasive.

The Motion requests that the Court find that an enforceable settlement agreement exists and that the Court approve it and enforce it. The Court finds that there is a settlement agreement which the Court approves and the Court will hold a hearing on the issues related to enforcement.

## Discussion

A written settlement agreement is not required "as long as an intent to settle the essential elements of the cause can be established…." *In re Sure-Snap Corp.*, 91 B.R. 178, 180 (Bankr. S.D. Fla. 1988). Under Florida law, the party moving to enforce the settlement agreement must show that the other party's representative "had clear and unequivocal authority to enter into the settlement agreement." *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1485 (11th Cir. 1994). "A settlement agreement is a contract and, as such, its construction and enforcement are governed by principles of Florida's general contract law." *Crowley Mar. Corp. v. Linda Mar Imports Inc.*, 576 F. Supp. 3d 1268, 1272 (S.D. Fla. 2020) (citing *Schwartz v. Fla. Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987)). "The making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of

external signs—not on the parties having meant the same thing but on their having said the same thing." *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985). The execution of a settlement agreement is not a condition precedent to the settlement agreement. *See Boyko v. Ilardi*, 613 So. 2d 103, 104 (Fla. Dist. Ct. App. 1993).

Here, the essential settlement terms were read line-by-line into the record. Creditor's counsel paused after each term to ask if Creditor, Debtors, and Debtors' counsel understood and agreed before moving forward. The Creditor, Debtors, and Debtors' counsel were each required to vocalize their assent before the Creditor's counsel could continue onto the next term. Debtors *themselves* were polled and assented to each term.

The terms that were read into the record were explicit; they described the requirements of the Settlement Agreement, contemplated defaults and explained the consequences of a breach. *See In re Sure-Snap Corp.*, at 180. The intent of the Creditor and Debtors to enter into a Settlement Agreement was clear based on each party's agreement to the terms. *See Id.*; *see also Robbie*, 469 So. 2d at 1385. Therefore, an enforceable Settlement Agreement was entered into at the Settlement Hearing. The parties may have had some disputes after trying to document the Settlement Agreement, but it does not change the fact that an enforceable agreement exists.

Pursuant to the Stay Relief Order, the Court contemplated that it would hold a further hearing before the Creditor could execute on the Debtors' assets. The Court interprets this as requiring this Court's approval.

Accordingly, it is **ORDERED**,

1. The Motion is **GRANTED-IN-PART**, as it relates to approval of the Settlement Agreement as set forth in Exhibit 1 to the Motion; and the Settlement Agreement is otherwise approved, adopted and ratified in its entirety as if more fully set forth herein.

2. The enforcement of the Settlement Agreement is subject to a further hearing, which will be heard on September 25, 2024, at 10:00 a.m., at the Clyde C. Atkins United States Courthouse, 301 N. Maimi Avenue, Courtroom No. 7, 7th Floor, Miami, FL 33128.

3. In the interim, the Creditor and Debtors are directed to attend and conclude mediation on or before September 2, 2024, to address and attempt, in good faith, to resolve the enforcement issues relating to the Settlement Agreement.

4. This Adversary Proceeding is abated pending further order of the Court.

###

Copies furnished to Attorney James Miller, who shall serve a copy of the Order on all interested parties and file a certificate of service thereon.